## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| JOSE L. ECHEVERRIA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL I. WHITE, P.C., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:18-cv-30 (TSE/TCB)

### REPORT & RECOMMENDATION

THIS MATTER comes before the Court on Samuel I. White, P.C. and Mortgage Electronic Registration Systems, Inc.'s ("Defendants") Motion for Sanctions (Dkt. 26).[1] Defendants seek monetary sanctions and a pre-filing injunction. On January 16, 2019, the Court granted Defendants' motion to dismiss, dismissing all of Plaintiff's claims with prejudice. (Dkt. 31 at 2.)

### I. INTRODUCTION

On December 5, 2017, Plaintiff commenced this action against Defendants by filing a Complaint in Fairfax County Circuit Court. On January 5, 2018, Defendants properly removed the case to this Court. Plaintiff's Complaint, though alleging several different counts, was mainly an attempt to forestall a pending foreclosure.

### II. STATEMENT OF FACTS

Upon a review of the pleadings and docket, the undersigned makes the following findings of fact.

---

1. Relevant filings before the Court include Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint (Dkt. 23) ("Mem. Supp. Mot. Dismiss"); Defendants' Motion for Sanctions (Dkt. 26) ("Mot. Sanctions"); and Defendants' Memorandum in Support of Motion for Sanctions Against the Plaintiff (Dkt. 27) ("Mem. Supp.").

Plaintiff's present suit involves a foreclosure sale of the property located at 2243 Lochmond Drive, Vienna, Virginia 22181 ("Property"). (Dkt. 1-5 ¶¶ 4, 6.) Plaintiff entered into a promissory note and deed of trust in 2004, which was secured by the Property. (Id. ¶¶ 6, 12-14.) Plaintiff eventually defaulted on the loan. (Mem. Supp. at 4.)

On June 20, 2016, Plaintiff filed his First Complaint in Circuit Court for Fairfax County against Defendant Samuel I. White, P.C. ("SIWPC") and Wells Fargo. (Id.) Plaintiff's First Complaint contained ten (10) causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) declaratory judgment; (3) slander of title; (4) fraud; (5) illegal substitution of trustee; (6) civil conspiracy; (7) quiet title; (8) violation of the Real Estate Settlement Procedures Act ("RESPA"); (9) failure to provide proof of standing to collect; and (10) failure to provide loan modification. (Id.) The defendants removed the First Complaint to this Court on June 20, 2016, Civil Action No. 16-cv-1018, and filed a motion to dismiss on August 10, 2016. (Id.) The case was dismissed and closed on August 30, 2016, after Plaintiff filed a notice of voluntary dismissal on August 23, 2016. (Id.)

Before filing his notice of voluntary dismissal, Plaintiff filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia. In re Echeverria, No. 16-12442-RGM (Bankr. E.D. Va.). Plaintiff filed his petition on July 15, 2016. Noting a failure to comply with the local bankruptcy rules, the Bankruptcy Court dismissed Plaintiff's case on September 1, 2016.

On February 7, 2017, Plaintiff filed his Second Complaint in Circuit Court for Fairfax County against SIWPC and Wells Fargo. (Id.) The Second Complaint was nearly identical to the First Complaint with the exception of count three. (Id. at 4-5.) On March 28, 2017, the defendants again removed the complaint to this Court and filed a motion to dismiss on that same day. (Id. at

2

5.) The Court dismissed Plaintiff's Second Complaint on April 25, 2017, noting Plaintiff failed to respond to the motion to dismiss. (Id.)

Four months later, on August 9, 2017, Plaintiff commenced his third civil action in Circuit Court for Fairfax County. (Id.) Plaintiff's Third Complaint named Wells Fargo as the sole defendant and included four specific counts: (1) declaratory judgment; (2) quiet title; (3) negligence; and (4) fraud. (Id.) Wells Fargo, not served until October 2017, removed the case once again to this Court. (Id.) On December 9, 2017, the Court dismissed Plaintiff's Complaint, finding that the first three counts were barred by res judicata and the fourth count failed to state a claim (Id.) The Court also warned Plaintiff "that the filing of frivolous lawsuits can lead to sanctions, monetarily and otherwise, being imposed against him." (Id.)

Four (4) days prior to the Court dismissing Plaintiff's Third Complaint, Plaintiff filed his Fourth Complaint in Fairfax County Circuit Court. (Id.) On January 5, 2018, Defendants removed the case to this Court. (Id.) On that same day, Plaintiff filed for bankruptcy protection. (Id. at 6.) Seven (7) days later, the Court stayed this case pending resolution of Plaintiff's bankruptcy proceedings. (Id.) The bankruptcy case was subsequently dismissed and Defendants immediately moved to lift the stay, which the Court granted. (Id.) Plaintiff then filed another bankruptcy petition and the Court once again was required to institute a stay. (Id.) However, the Court noted in its order "that it appears that an abuse of the bankruptcy process may be in progress." (Id.) Plaintiff's third bankruptcy petition was also dismissed on September 17, 2018, thus allowing the Court to finally lift the stay on November 21, 2018. (Id. at 6-7.)

On November 30, 2018, Defendants filed a motion to dismiss which the Court granted on January 16, 2019. (Dkt. 31.) In granting the motion, the Court noted that this lawsuit represented Plaintiff's "fourth attempt to halt the foreclosure of his home" and that his claims had been

"previously disposed of" by several orders of this Court.[2] (Id. at 1.) Finding that Plaintiff's claims were barred by the doctrine of res judicata, the Court dismissed the Complaint. (Id. at 1-2.)

Each of Plaintiff's civil actions consisted largely of widely-rejected foreclosure prevention theories. (Mem. Supp. at 2; Mem. Supp. Mot. Dismiss at 15-18.) Moreover, each of Plaintiff's prior civil actions were filed in an attempt to prevent the Property's foreclosure and contained nearly identical causes of action and parties. (Mem. Supp. Mot. Dismiss at 11-13.) The Court, in an order dismissing one of Plaintiff's prior actions, noted that it "strongly suspect[ed]" that Plaintiff's complaint had been copied from another civil action. (Mem. Supp. at 3.)

Defendants filed their Motion for Sanctions (Dkt. 26) on December 13, 2018. The undersigned then held a hearing on the Motion on January 11, 2019, and took the matter under advisement to issue this Report and Recommendation.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 11 a litigant presenting a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for an improper purpose, the legal contentions are "warranted by existing law," and the factual allegations are supported by the evidence. Fed. R. Civ. P. 11(b). Rule 11 also authorizes a court to impose sanctions if it determines that a party violated Rule 11. Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). Available sanctions include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence,

---

2. See Echeverria v. Wells Fargo, 17-cv-1275 (E.D. Va.) (Ellis, J.); Echeverria v. Samuel I. White P.C., et al., 17-cv-359 (E.D. Va.) (Brinkema, J.); Echeverria v. Samuel I. White P.C., et al., 16-cv-1018 (E.D. Va.) (Hilton, J.).

an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). In imposing Rule 11 sanctions, a court must describe the sanctioned conduct and explain the basis for imposing the sanction. See Fed. R. Civ. P. 11(c)(6).

Moreover, a federal court is authorized to issue pre-filing injunctions pursuant to 28 U.S.C. § 1651. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) ("Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like [plaintiff]." (citations omitted)).

## IV. ANALYSIS

Defendants request that the Court award attorney's fees and costs pursuant to Rule 11. Defendants also seek the entrance of a pre-filing injunction pursuant to 28 U.S.C. § 1651(a), enjoining Plaintiff "from filing any further lawsuits or claims related to the mortgage Loan on the Property, the foreclosure and/or eviction, or against either Defendant or the Plaintiff's former lender, Wells Fargo." (Mem. Supp. at 9.) The undersigned addresses each request in turn.

### 1. *Rule 11 Sanctions*

A threshold issue in any Rule 11 motion is the "safe harbor" provision requiring notice to the offending party and a twenty-one (21) day waiting period prior to the filing of the motion in which a sanction-worthy argument or assertion may be withdrawn or corrected. Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2) (emphasis added). "It is clear from the language of [Rule 11] that it

imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (en banc) (citations omitted).

Here, the undersigned is unable to locate in the Motion for Sanctions, the Memorandum in Support, or any other filing thereto an affidavit that the motion was first served on Plaintiff and that 21 days elapsed before Defendants filed the present motion with the Court. The certificate of service attached to the sanctions motion indicates that the motion was served on Plaintiff on December 13, 2018, the same day Defendants filed the motion with the Court. (Mot. Sanctions at 3; Mem. Supp. at 14.) Nor can the undersigned locate a discussion of 11(c)(2) or compliance with the safe harbor provision in Defendants' filings. Presumably, if Defendants had complied with 11(c)(2) they would have indicated as such. See Dye v. SD Trust Wells Fargo Funds Mgmt. Branch, No. 3:16-cv-00681-MOC, 2016 WL 6780345, at *1 (W.D.N.C. Nov. 15, 2016) ("Had Rule 11(c)(2) been met, the court would have expected to see a service date of at least 21 days ante."). Although Defendants did give notice in accordance with Local Civil Rule 7(K),[3] that type of notice is not what 11(c)(2) envisions. The twenty-one (21) day notice must come prior to filing the motion with the Court, not after.

Some caselaw exists that suggest a non-movant may waive or forfeit the protection of the safe harbor period. For example, in Giganti v. Gen-X Strategies, Inc., the Court held that plaintiffs waived Rule 11(c)'s safe harbor period where they "made clear their intent to forego the twenty-

---

3. Local Civil Rule 7(K) provides, in part, "[i]t shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)."

one day safe harbor" and thus "could not be heard to complain about the loss of the benefit of the twenty-one day safe harbor when it was clear that [plaintiffs] rejected that option." 222 F.R.D. 299, 307 (E.D. Va. 2004). In that case, plaintiffs continued to litigate after being served with a safe harbor letter and a Rule 11 motion. Id. at 306-07; see also Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 252 (4th Cir. 2001) ("If the movant files the motion less than 21 days after giving notice, the party against whom the motion is filed may assert the 21 day safe harbor provision as a defense. Should the litigant fail to do so, the defense is waived."). Additionally, it is clear litigants can forfeit the issue on appeal. See Brickwood, 369 F.3d at 399 ("[Plaintiff] forfeited the safe-harbor compliance issue by not raising it before the district court.").

However, the undersigned declines to find waiver of the safe harbor provision in this instance. First, unlike in Giganti, Defendants seemingly did not even attempt to comply with Rule 11(c). Second, whereas the litigants in Giganti and Rector continued to participate in the litigation after being put on notice of a potential Rule 11 violation, Plaintiff here did not make a filing or otherwise appear in this Court after Defendants' filed their motion for sanctions. See Rector, 265 F.3d at 253 (noting non-movants did not raise safe harbor provision argument until the case's second appeal to the Fourth Circuit). Third, the Fourth Circuit's en banc decision in Brickwood makes clear that a district court errs when it imposes Rule 11 sanctions despite a movant's failure to comply with Rule 11's safe harbor provision. 369 F.3d at 397; id. at 398-99 (finding that "in most cases involving failure to comply with the safe-harbor provisions, a proper application of the Olano Taylor standards will lead to correction of the error."). Finally, courts in this circuit consistently decline to award Rule 11 sanctions when a movant fails to satisfy the Rule's procedural requirements. See, e.g., Boyton v. Xerox Commercial Sol., LLC, No. 3:17-cv-505-RJC-DCK, 2018 WL 4001287, at *6 (W.D.N.C. July 31, 2018), report and recommendation

adopted by 2018 WL 3995948 (Aug. 21, 2018); Barber v. Montgomery Cty. Gov't, No. 8:17-cv-1948 (STAMP), 2018 WL 529485, at *5 (D. Md. Jan. 24, 2018); Mua v. Maryland, No. ELH-16-01435, 2017 WL 633392, at *23 (D. Md. Feb. 15, 2017); Conner v. Duncan, No. 1:12-cv-92, 2013 WL 12136592, at *2 (M.D.N.C. Mar. 27, 2013). For instance, in a similar case, a district court declined to impose Rule 11 sanctions against pro se plaintiffs even though the case "cr[ied] out" for sanctions "because there [was] no indication that defendants complied with the procedural requirements of Rule 11." Mua, 2017 WL 633392, at *22-23 (internal quotations and citation omitted). Therefore, because Defendants failed to satisfy the procedural requirements, the Court lacks the authority to impose Defendants' requested Rule 11 sanctions. See Brickwood, 369 F.3d at 389 ("If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions.").

Moreover, even if Defendants complied with the safe harbor provision, it seems unlikely they would even be entitled to Rule 11 sanctions. "At the time a state court pleading is signed, the signing [party] is not subject to the Federal Rules of Civil Procedure. Therefore, a pleading signed in a state court proceeding which is later removed to federal court clearly cannot be signed in violation of Rule 11." Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir. 1987) (citations omitted); see also Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 157 n.20 (4th Cir. 2002); Wallace v. Mercantile Cty. Bank, 514 F. Supp. 2d 776, 795 n.26 (D. Md. 2007). A party may become liable, "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as 'presenting'—and hence certifying to the district court under Rule 11—those allegations." Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment. Because Plaintiff did not file an opposition to Defendants' Motion to Dismiss or

otherwise argue the merits of his claims, Plaintiff did not subject himself to Rule 11's requirements. Cf. Kirby, 811 F.2d at 257 ("After removal to federal court, the only action of the plaintiff's counsel as to the first four counts of the complaint was to request dismissal. Such action cannot be the basis for a Rule 11 sanction."); Wallace, 514 F. Supp. 2d at 795, 795 n.26 (noting Rule 11 sanctions were "predicated on the plaintiffs' opposition to [defendants'] motion for dismissal or summary judgment" and not plaintiffs' state court complaint).

## 2. *Pre-Filing Injunction*

The undersigned finds that the issuance of a pre-filing injunction pursuant to 28 U.S.C. § 1651(a) is appropriate. A court must be particularly mindful that drastic remedies, such as pre-filing injunctions, should "be used sparingly so as not to offend the constitutional guarantee of due process of law." Miles v. Angelone, 483 F. Supp. 2d 491, 495 (E.D. Va. 2007) (citing Cromer, 390 F.3d at 817). "Indeed, 'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Cromer, 390 F.3d at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

Before issuing a pre-filing inunction, a court must consider several factors, "including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions."[4] Id. (citations omitted).

---

4. A court must also provide the offending party with notice that the Court is considering a pre-filing injunction as well as an opportunity to be heard. Cromer, 390 F.3d at 819. Here, Defendants served their motion for sanctions and a pre-filing injunction on Plaintiff on December 13, 2018. On January 11, 2019, the Court held a hearing on Defendants' motion at which Plaintiff did not enter an appearance. Therefore, the undersigned finds that the notice requirement has been satisfied.

First, Plaintiff has a history of filing vexatious and duplicative lawsuits. Despite commencing seven (7) separate actions, four civil and three bankruptcy, in the span of two years, Plaintiff failed to prosecute any of them. In the bankruptcy actions, Plaintiff did not supply basic information as required by the local rules nor did he attend required hearings. With regard to the civil actions, all of Plaintiff's complaints, though involving slightly different counts and parties, centered on the imminent foreclosure of the Property. The Third and Fourth Complaint merely sought to relitigate claims previously dismissed by the Court. Plaintiff's filing of the instant action is particularly egregious as he filed it prior to the Court even resolving the Third Complaint. Plaintiff appears to file these meritless and duplicative lawsuits as a temporary stopgap measure to prevent the Property's foreclosure. Therefore, Plaintiff's litigation history indicates Plaintiff is not using the court system to adjudicate his claims or resolve an ongoing dispute.

Second, Plaintiff lacks a good-faith basis for commencing this action. The Court rejected Plaintiff's claims on two prior occasions. Additionally, Plaintiff continued to pursue the instant action after receiving notice from the Court that frivolous filings could result in sanctions. He seemingly did not heed the Court's warning as Plaintiff declined to even offer an explanation for why his fourth consecutive lawsuit was not frivolous. As noted above, Plaintiff does not appear to have brought this action with the intention of having the Court adjudicate his claims. Plaintiff never filed an opposition to the motion to dismiss or the sanctions motion and Plaintiff did not appear before either the undersigned or Judge Ellis on January 11, 2019, when the Court held two separate hearings on Defendants' motions. Per the undersigned's estimation, Plaintiff's only activity during the course of this particular proceeding was to file two separate bankruptcy petitions, neither of which he prosecuted. Plaintiff's behavior evidences a clear intent to harass and delay, and leaves the undersigned to conclude Plaintiff lacked any good-faith basis for bringing

his fourth consecutive action.

Third, Plaintiff's numerous lawsuits present a burden to both Defendants and the Court. SWPIC and Wells Fargo have each been named defendants in three of Plaintiff's four complaints. As a result, those parties have incurred tens of thousands of dollars in litigation costs defending against Plaintiff's duplicative and vexatious lawsuits. (Dkt. 32.) This instant action presented a particular burden for Defendants as they were forced to submit numerous filings with Court regarding Plaintiff's bankruptcy filings, including two separate motions to lift the stay. Plaintiff's filings also substantially burden the Court as they drain judicial resources by causing the Court to devote time and energy to claims it has already adjudicated. As a result, Plaintiff has become a burden both to Defendants and the Court.

Finally, alternative sanctions would not effectively stop Plaintiff's harassing conduct. After receiving the Court's warning regarding possible sanctions, Plaintiff did not work with Defendants to dismiss his case, but instead delayed resolution of the case for more than ten (10) months by filing successive bankruptcy petitions that he failed to prosecute. Also, Plaintiff's bankruptcy petitions and the Property's foreclosure suggest Plaintiff might not be deterred by monetary sanctions as he would be unable to pay. See, e.g., Jarvis v. City of Alexandria, No. 1:17-CV-378 (JCC/JFA), 2017 WL 2692682, at *2 (E.D. Va. June 22, 2017) ("As Plaintiff is indigent, there is no effective alternative sanction."); Hennigan v. Barnes, No. 1:10-cv-385, 2011 WL 4894076, at *9 (M.D.N.C. Oct. 12, 2011) ("[A] monetary sanction is nonetheless unlikely to be meaningful in light of Plaintiff's still meager resources."). Only an injunction will prevent Plaintiff from pursuing further frivolous actions.

Once a court determines a prefiling injunction is appropriate, a court must still "ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Cromer, 390 F.3d at

818 (emphasis added) (citations omitted). When the offending party is pro se, courts should proceed with additional caution when tailoring a pre-filing injunction. Id. Here, an injunction limiting Plaintiff's ability to file suits in this Court related to the 2004 Loan or the Property (including foreclosure and eviction) is appropriate. However, an injunction prohibiting Plaintiff from filing any suits against Defendants or Wells Fargo is premature. Per Defendants' suggested language, it appears to the undersigned that Defendants are requesting a blanket injunction as to them; thereby preventing Plaintiff from commencing an action against them regardless of the subject-matter of the suit. (Mem. Supp. at 9, 13.) Given Plaintiff's pro se status and taking note that Plaintiff's past complaints have all involved the same subject-matter, imposing a general pre-filing injunction as to Defendants and Wells Fargo would be inappropriate at this time. See Miles, 483 F. Supp. 2d at 497.

On a final note, the undersigned must observe that Defendants' requested injunction may very well prove ineffective. All four (4) of Plaintiff's complaints were filed in Virginia Circuit Court. Those actions only came before the Court after Defendants removed them pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a). Although the Court might arguably have the discretion to extend a pre-filing injunction against a defendant in the Eastern District of Virginia to state court actions, see, e.g., Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 621 (M.D.N.C. 1998), aff'd, 168 F.3d 481, 481 (4th Cir. 1999) (unpublished), it would be imprudent to do so. "The ambit of a state court's jurisdiction and its willingness to hear a matter is not an issue for this Court to resolve." See United States v. Nabaya, No. 3:14-cv-835-HEH, 2015 WL 300499, at *2 (E.D. Va. Jan. 22, 2015) (citing Baum v. Blue Moon Ventures, 513 F.3d 181, 187 (5th Cir. 2008)); see also Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1344 (10th Cir. 2006) ("[I]t is not appropriate for a federal district court to restrict access to the state courts.").

It would follow, it seems, that a federal court could not immediately restrict a plaintiff's ability to litigate when they are only before the court due to a § 1441 removal based on diversity of citizenship; especially in this instance where Plaintiff, as previously noted, has likely not yet subjected himself to Rule 11. See, e.g., Smith v. Ghana Commercial Bank, Ltd., Civ No. 13-1010 (DWF/JJK), 2013 WL 12074959, at *3 (D. Minn. Aug. 8, 2013) (declining to extend pre-filing injunction where plaintiff filed the action in state court and defendant later removed the case to federal court), report and recommendation adopted by 2013 WL 12074961 (D. Minn. Oct. 8, 2013); Woody v. Am. Gen. Fin. Servs., Inc., No. 5:09-CV-561-D, 2010 WL 2169178, at *1 n.1 (E.D.N.C. May 29, 2010) ("[Plaintiff] avoided the effects of the pre-filing injunction by filing in state court.") To do so, either by automatically dismissing the complaint or requiring Plaintiff to seek leave of the Court, would essentially amount to a de facto federally-imposed pre-filing injunction at the state court level. Therefore, in an effort to comply with Cromer's instruction that any pre-filing injunction should be narrowly tailored, the undersigned recommends that the injunction only limit Plaintiff's ability to commence an action in this Court, not his ability to litigate after an action is properly removed to this Court. Of course, should Plaintiff continue to pursue this vexatious litigation, he will very likely be subject to state sanctions, Va. Code § 8.01-271.1, or, upon subjecting himself to Rule 11, federal monetary sanctions.

## V. RECOMMENDATION

The undersigned RECOMMENDS that Defendants' Motion for Sanctions (Dkt. 26) be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends that Defendants' request for Rule 11 sanctions be denied and that Defendants' request for a pre-filing injunction be granted in part. Plaintiff should be barred from commencing an action in the United States District Court for the Eastern District of Virginia regarding or arising out of circumstances

13

involving the 2004 Loan and the Property (including foreclosure and eviction) without first submitting to the Clerk of Court an "Application for Leave to File Suit in Federal Court," which application must be accompanied by a copy of the Court's order imposing the injunction, and a notarized affidavit or declaration certifying that the matters raised in the suit have never before been raised or disposed of on the merits in state or federal court. Plaintiff should be warned that a violation of the Court's pre-filing injunction may constitute contempt of court and subject Plaintiff to civil and criminal penalties.

VI. <u>NOTICE</u>

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff and counsel of record.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February __, 2019
Alexandria, Virginia

15